**418**

**E.E. BARRETT, Appellant,**

v.

**R.D. PATRICK, Jr., et al., Appellees.**

**No. 09 86 136 CV.**

Court of Appeals of Texas,
Beaumont.

Jan. 22, 1987.

Rehearing Denied Feb. 17, 1987.

Bill Richey, Clint W. Lewis and Associates, Joe Farris, Jr., Beaumont, for appellant.

J.C. Zbranek, Zbranek, Hight & Cain, Liberty, for appellees.

OPINION

BURGESS, Justice.

This case involves the interpretation of deed reservations concerning mineral and royalty interests. In 1946, L.G. Tuer and wife, Iva Mae Tuer, conveyed a 44.5 acre tract of land to R.D. Patrick. The Tuers reserved a $\frac{1}{16}$th royalty interest.[1] In 1950, the Patricks conveyed the 44.5 acres to Maurice Franklin Barrett and wife, Carrie Lee Barrett. The deed contained several reservations and exceptions. The first was as follows:

> However, there is excepted from this conveyance a one-sixteenth ($\frac{1}{16}$th) royalty interest in and to all of the oil, gas, sulphur and other minerals ... which said one-sixteenth ($\frac{1}{16}$th) royalty interest was reserved unto L.G. Tuer and wife, Iva Mae Tuer, by deed dated July 13, 1946, and recorded in Vol. 287, page 372, Deed Records, Liberty County, Texas, to which reference is here made.

The deed also contained the following clause:

> There is, however, excepted and reserved to the Grantors, their heirs and assigns, an undivided one-half ($\frac{1}{2}$) interest in and to all the oil, gas, sulphur and other minerals ... except a one-thirty second ($\frac{1}{32}$nd) royalty interest in and to all of the oil, gas, sulphur and other minerals ... out of the minerals so reserved herein, which said one-thirty second ($\frac{1}{32}$nd) royalty interest is hereby specifically conveyed by Grantors herein to Grantees herein.

In 1952, the Tuers conveyed their $\frac{1}{16}$th royalty interest to the Patricks. Subsequently, oil and gas leases were executed and a dispute arose as to the percentage of royalty interests held by the parties under

---

1. Both parties agreed in their briefs that in Liberty County in 1950, a $\frac{1}{8}$th royalty interest in a mineral lease was standard.

the 1950 deed. The trial court accepted a stipulation of facts submitted by the parties and entered judgment awarding appellees a ³⁄₃₂nd interest and appellant a ¹⁄₃₂nd interest. Appellees are successors in title to the Patricks and appellant is successor in title to the Barretts. Appellant alleges a single point of error, viz:

> The trial court erred when it held that the disputed royalty interest was owned one-thirty-second (¹⁄₃₂) by the Patricks and one-thirty-second (¹⁄₃₂) by Barrett, because as a matter of law, the total of the disputed one-sixteenth (¹⁄₁₆) royalty interest was owned by Barrett.

■ The sole question is the interpretation of the 1950 deed from Patrick to Barrett. In matters of this kind, unless otherwise clearly stated by the parties, a presumption arises that a grantee receives a royalty interest proportionate to his mineral interest received in the deed. *Benge v. Scharbauer*, 152 Tex. 447, 259 S.W.2d 166 (1953); *see Selman v. Bristow*, 402 S.W.2d 520 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.). Thus, in the 1950 deed, when Patrick reserved ½ of the minerals he only reserved ½ of the remaining ¹⁄₁₆th royalty interest.

■ Furthermore, it is a general principal of construction of instruments that the parties intended every clause in an instrument to have some effect and that all parts of an instrument will be given effect if possible. *Woods v. Sims*, 154 Tex. 59, 273 S.W.2d 617 (1954). Thus, when Patrick excepted a ¹⁄₃₂nd royalty interest from his reservation, he negated any reservation of royalty interest. The deed must be construed to confer upon Barrett, the grantee, the greatest estate that the terms of the instrument will permit. *Waters v. Ellis*, 158 Tex. 342, 312 S.W.2d 231 (1958). Also, if there is any doubt as to the proper construction of a deed, that doubt should be resolved against the grantor. *Garrett v. Dils Company*, 157 Tex. 92, 299 S.W.2d 904 (1957). Therefore, in the 1950 deed, Patrick granted Barrett a ¹⁄₁₆th royalty interest.

Appellees' sole argument is the initial clause in the 1950 deed which references the ¹⁄₁₆th royalty interest reserved by the Tuers was to be charged against the royalty interest Barrett would have received under his grant of ½ of the minerals. This construction is not evidenced by a plainly expressed agreement as required by *Benge, supra*, nor does it comply with the rules of construction previously noted.

The trial court erred in awarding Patrick a ¹⁄₃₂nd royalty interest over and above the ¹⁄₁₆th interest he received from the Tuers. The cause is reversed and remanded for the entry of a judgment declaring appellant a ¹⁄₁₆th royalty interest owner and disbursing the disputed funds in accordance with this interest.

REVERSED AND REMANDED.

BROOKSHIRE, Justice, dissenting.

I respectfully dissent. The issue in this appeal is: To whom, or against whom, is a prior ¹⁄₁₆th royalty interest to be charged when construing the subsequent deeds? The trial court concluded that the ¹⁄₁₆th royalty interest was chargeable to and against the grantee's (Barrett's) interest.

I would hold that the trial court correctly held that the ¹⁄₁₆th royalty interest, reserved by Tuer and wife, was properly chargeable against the Barrett ½ mineral interest because Patrick's deed to Barrett excepted this ¹⁄₁₆th royalty interest. There are no disputed facts. The case comes to us on a Stipulation of Facts.

It is stipulated that, on July 13, 1946, L.G. Tuer and wife, Iva Mae Tuer, conveyed to R.D. Patrick a tract of land consisting of approximately 44.5 acres, more or less. This deed is recorded in Volume 287, page 372, of the Deed Records of Liberty County, Texas, being the first deed recited in the Stipulation of Facts. In that 1946 deed, the grantors, the Tuers, reserved a ¹⁄₁₆th royalty interest by the following language:

> "... there is hereby excepted and reserved to the said L.G. Tuer and wife, Iva Mae Tuer, their heirs and assigns an undivided ¹⁄₁₆th royalty interest in and to all of the oil, gas, sulphur and other

minerals in and under and that may be produced ...''

It is further stipulated that on September 1, 1950, R.D. Patrick and wife, Minnie Ola Patrick, conveyed the same 44.5 acres to Maurice Franklin Barrett and wife, Carrie Lee Barrett, by deed recorded in Volume 339, page 180, of the Deed Records of Liberty County, Texas. The 1950 deed contained the following *exception:*

> "However, there is *excepted* from this conveyance a one-sixteenth (¹⁄₁₆th) royalty interest in and to all of the oil, gas, sulphur and other minerals in and under and that may be produced from the above described tract of land, which said one-sixteenth (¹⁄₁₆th) royalty interest was *reserved* unto L.G. Tuer and wife, Iva Mae Tuer, by deed dated July 13, 1946, and recorded in Volume 287, page 372, Deed Records, Liberty County, Texas, to which reference is here made." (Emphasis added)

Finally, that same 1950 deed, from the Patricks to the Barretts, contains the following reservations and exceptions:

> "There is, however, excepted and reserved to the Grantors, their heirs and assigns, an undivided one-half (½) interest in and to all of the oil, gas, sulphur and other minerals in and under the above described land, together with the right of free ingress and egress in, on and across the above described land at any and all times for the purpose of prospecting, exploring, and developing said minerals, which shall include the drilling and producing therefrom, treating, storing and transporting said oil, gas, sulphur and other minerals, all by whatever means may be convenient, except a one-thirty-second (¹⁄₃₂nd) royalty interest in and to all of the oil, gas, sulphur and other minerals in and under that may be produced from said land, out of the minerals so reserved herein, which said one-thirty-second (¹⁄₃₂nd) royalty interest is hereby specifically conveyed by Grantors herein to Grantees herein."

These two important clauses in the 1950 deed must be read together.

It is important to note that in the July 13, 1946, deed L.G. Tuer and wife, Iva Mae Tuer, both excepted and reserved to themselves the ¹⁄₁₆th royalty interest, and they used those specific words of art. It is also crucial to note that in the deed of September 1, 1950, Patrick and wife excepted from their conveyance a ¹⁄₁₆th royalty interest and identified that ¹⁄₁₆th royalty interest as being the same ¹⁄₁₆th royalty interest that was reserved and excepted unto Tuer and wife by the July 13, 1946 deed. It is abundantly clear that that ¹⁄₁₆th royalty interest, belonging to the Tuers, never was conveyed into the Barretts. And, of course, it is noteworthy that there was excepted and reserved to the grantors, the Patricks, a full undivided ½ interest in and to the mineral interest in the 44.5 acre tract of land and that there was only a ¹⁄₃₂nd royalty interest to the oil, gas, sulphur and other minerals that may be produced from the said land, which said ¹⁄₃₂nd royalty interest was specifically conveyed by the grantors to the grantees—the grantors being the Patricks and the grantees being the Barretts—which ¹⁄₃₂nd royalty interest was specifically reserved out of the mineral or minerals estate.

Then, about 2 years later, by deed of February 6, 1952, in the Deed Records, at Vol. 364, page 358, L.G. Tuer and wife, Ida Mae Tuer, conveyed to R.D. Patrick the ¹⁄₁₆th royalty interest that they had originally reserved and had owned up until the date of February 6, 1952, when they conveyed it to R.D. Patrick. Hence, it is clear that Patrick had a ¹⁄₁₆th royalty interest from Tuer, which is equal to ²⁄₃₂nds, and that Patrick affirmatively conveyed only a ¹⁄₃₂nd to the Barretts. Hence, Patrick had a remaining ¹⁄₃₂nd that he excepted and reserved to himself and for his benefit when he gave the deed of September 1, 1950, to Maurice Franklin Barrett and wife, Carrie Lee Barrett. Therefore, Patrick undoubtedly owned a ³⁄₃₂nds royalty interest after purchasing the Tuers' reserved ¹⁄₁₆th royalty interest in February, 1952.

The Plaintiffs below, and the Appellees here, are the devisees of R.D. Patrick and wife, Minnie Ola Patrick.

The Appellant, E.E. Barrett, is the sole devisee of Maurice Franklin Barrett and wife, Carrie Lee Barrett.

It is of paramount importance, in the case sub judice, to make the correct distinction between an exception and a reservation. A clear expression of the difference between an exception and reservation is set out in 30 TEX.JUR.3d, *Deeds* [Exceptions and Reservations] sec. 135 (1983). Section 135, at page 392, reads as follows:

"An exception in a deed is not the same as a reservation. An exception excludes from the operation of the deed some part of the land described, whereas a reservation refers to the estate retained by the grantor. The primary distinction between a reservation and exception is that a reservation must always be in favor of and for the benefit of the grantor, while an exception is a mere exclusion from the grant, in favor of the grantor only to the extent that such interest as is excepted may then be vested in the grantor, and not outstanding in another...."

I think that the holding and reasoning in *Klein v. Humble Oil & Refining Co.*, 67 S.W.2d 911 (Tex.Civ.App.—Beaumont 1934, modified on other grounds, 126 Tex. 450, 86 S.W.2d 1077, 1935), is controlling. In *Klein, supra,* a Mr. Stein conveyed 60 acres to Klein but *reserved* a ⅛th mineral interest in the east 10 acres. Later, Klein conveyed the same 60 acres to one Baker; however, Klein *excepted* a ⅛th mineral interest in the east 10 acres. There was no affirmative, specific mention made in the deed for whose benefit the exception operated. Baker then leased to Humble Oil & Refining Company and a dispute arose as to whether or not Klein owned any of the minerals. The Beaumont Court of Civil Appeals reasoned that Klein did not own any of the minerals because he merely excepted the ⅛th minerals that Stein had previously reserved in his conveyance into Klein. The Beaumont court held, at page 915:

"The primary distinction between a reservation and exception is that *a reservation must always be in favor of and for the benefit of the grantor,* whereas, an exception is a mere exclusion from the grant, in favor of the grantor only to the extent that such interest as is excepted may then be vested in the grantor, *and not outstanding in another."* (Emphasis theirs)

Although the Supreme Court of Texas later modified the judgment of the Beaumont Court of Civil Appeals; nevertheless, the Supreme Court expressly approved the Beaumont Court's holding and language on the reservation—exception construction question. The Supreme Court wrote, at page 1078:

"All parties admit that, in their deed to Klein, Stein and wife reserved to themselves a determinable fee to ⅛ of all mineral rights in and under the east 10 acres. It is the contention of Klein and those claiming under him that Klein and wife in their deed to Baker excepted for themselves an additional ⅛ of all mineral rights in the east 10 acres. With respect to this contention the Court of Civil Appeals held that the deed from Klein and wife to Baker conveyed all of the interest they had in the property; that the exception contained therein had the effect of excluding from the conveyance only the ⅛ reserved by Stein and wife in their deed to Klein, and that the purpose of the Klein exception was to protect their warranty as against the Stein reservation.

"Much of the opinion of the Court of Civil Appeals is devoted to a discussion of this question. *We are in full agreement with that holding, and do not deem it necessary or desirable to enter into another discussion of that phase of the case.* We have examined the assignments presented in the application of Klein and his assigns for a writ of error and find them well answered by the opinion of the Court of Civil Appeals." (Emphasis added)

Indeed, *Klein, supra,* was decided by the Beaumont Court of Civil Appeals, in 1934, in an excellent opinion written by Justice O'Quinn.

We must quote from the Supreme Court opinion, at 914:

"The cardinal rule for the construction of deeds is to ascertain the intention of the parties as expressed in the deed. 14 Tex.Jur. 910, sec. 132, and authorities cited. In ascertaining this intention all the provisions of the deed are to be considered. The intention is not to be gotten from an isolated clause or paragraph, but must be gathered from a fair construction of the entire instrument. Each clause or paragraph must be construed with reference to every other paragraph, and the effect of one paragraph upon the other determined...."

Undoubtedly, Patrick, in his September 1, 1950 deed to the Barretts, intended to reserve a $\frac{1}{32}$nd royalty interest in himself and for his benefit. Patrick knew of the $\frac{1}{16}$th royalty interest then owned by Tuer and wife.

By a separate chain of title, Patrick obtained an additional $\frac{1}{16}$th royalty interest from L.G. Tuer and wife. Hence, Appellee, Patrick, owns $\frac{1}{32}$nd plus $\frac{1}{16}$th equaling $\frac{3}{32}$nds royalty. This is equivalent to .11458333 under an oil and gas lease with a $\frac{1}{8}$th rather than a $\frac{1}{8}$th royalty reserved to the royalty owners.

In summary, the deraignment of title to the royalty interest in question is as follows. In July, 1946, L.G. Tuer and wife conveyed 44.5 acres to R.D. Patrick. The Stipulation of Facts, upon which this case was tried and appealed, provided that the grantors, Tuer and wife, reserved a $\frac{1}{16}$th royalty interest.

In September, 1950, R.D. Patrick and wife, Minnie Ola Patrick, conveyed the same 44.5 acres to Maurice Franklin Barrett and wife, Carrie Lee Barrett, by deed. The Stipulation of Facts sets out that that deed, firstly, contained the following exception: A $\frac{1}{16}$th royalty interest in and to all the oil, gas, sulphur and other minerals in and under, or that may be produced from, the above described land, which *said $\frac{1}{16}$th royalty interest was reserved to L.G. Tuer and wife, Iva Mae Tuer.* That was clearly an exception, as to Patrick, and it was so stipulated and Patrick obviously was making that $\frac{1}{16}$th exception of royalty in *favor of Tuer because Tuer had reserved the same $\frac{1}{16}$th royalty interest in the deed to Patrick.* Patrick knew this, being the grantee of the Tuers.

The same 1950 deed contains the following reservations and exceptions as agreed to in the Stipulation of Facts. The Patricks both excepted and reserved to themselves, the grantors, an undivided $\frac{1}{2}$ interest in the mineral estate. Patrick knew, and had knowledge of, the $\frac{1}{16}$th royalty reservation for the benefit of the Tuers. The Patricks reserved to themselves an undivided $\frac{1}{2}$ interest in the mineral estate. So, at this point in time, the Patricks owned $\frac{1}{2}$ of the mineral estate and a $\frac{1}{16}$th royalty interest. Clearly, the other $\frac{1}{16}$th royalty interest was still owned by Tuer and wife. The Patricks fully understood this status of the respective mineral interest and royalty interest.

The Patricks then carefully provided that a $\frac{1}{32}$nd royalty interest, being $\frac{1}{2}$ of the Patricks' $\frac{1}{16}$th royalty interest, was specifically conveyed by the Patricks to the Barretts. Then, at that point, the state of the title was $\frac{1}{2}$ of the mineral estate in the Patricks, $\frac{1}{2}$ of the mineral estate in the Barretts, $\frac{1}{16}$th royalty interest in the Tuers, $\frac{1}{32}$nd royalty interest in the Patricks and a $\frac{1}{32}$nd royalty interest in the Barretts. The Barretts had constructive knowledge of the $\frac{1}{16}$th royalty interest then outstanding in the Tuers.

Two years later, by deed of February 6, 1952, L.G. Tuer and wife, Iva Mae Tuer, conveyed to R.D. Patrick their $\frac{1}{16}$th royalty interest, which they had originally reserved. Hence, the Patricks already having a $\frac{1}{32}$nd royalty interest, acquired an additional $\frac{1}{16}$th royalty interest by deed of February 6, 1952, wherein L.G. Tuer and wife, Iva Mae Tuer, conveyed to R.D. Patrick their full $\frac{1}{16}$th royalty interest, making R.D. Patrick the owner of $\frac{3}{32}$nds royalty interest.

The only royalty interest that the Barretts ever acquired amounted to a $\frac{1}{32}$nd royalty interest; considering, of course, that any prospective oil, gas and mineral lease would provide for the usual $\frac{1}{8}$th mineral royalty.

Then, on March 22, 1973, the Patricks and Barretts conveyed an oil, gas and min-

eral lease which contained a ⅛th royalty provision. The Stipulation of Facts provides that the plaintiffs below, R.D. Patrick, Jr., Sarah Louise Patrick Lee and Nell Patrick Tuttle are the devisees of R.D. Patrick, and his wife, Minnie Ola Patrick, also deceased. Our Appellant, E.E. Barrett, is the sole devisee of Maurice Franklin Barrett and his wife, Carrie Lee Barrett, now both deceased.

Translating the ³⁄₃₂nd royalty interest, owned by the Patricks under the ⅛th oil and gas lease and for convenience, stating the same in percentage or decimal fractions, the following interest occurred immediately subsequent to the time Patrick delivered his deed to Barrett:

| Patrick | Barrett |
|---|---|
| .08333333 (1/12) | .08333333 (1/12) |
| .03125000 less 1/32 R.I. | .06250000 less Tuer's 1/16 |
| .05208333 | .02083333 |
| plus Patrick's 1/32 | .03125000 |
| | .05208333 |

About two years later, however, subsequent to the time Patrick bought the Tuer ¹⁄₁₆th royalty interest, which said Tuer ¹⁄₁₆th royalty interest was then owned by Patrick, we find the following fractional results:

| Patrick | Barrett |
|---|---|
| .05208333 | .05208333 |
| .06250000 plus Tuer's 1/16 | |
| .11458333 | |

Barrett simply never received the ¹⁄₁₆th Tuer royalty interest, which was totally excepted out of the conveyance from Patrick to Maurice Franklin Barrett and his wife, Carrie Lee Barrett, in the 1950 deed. I would hold that the trial court properly and correctly construed the deeds involved in this appeal in accordance with the Stipulation of Facts. I would affirm, in all things, the judgment below.